IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT CALHOUN, GITL BLACK, AND JEROME BLACK, | § § § | |
| v. | § § | A-06-CA-185 AA |
| CITY OF AUSTIN, TEXAS AUSTIN POLICE DEPARTMENT, AND JOYCE CASEY. | § § § § | |

**ORDER**

Before the Court is Defendants' Rule 12(b)(1) & (6) Motion to Dismiss filed June 22, 2006 (Clerk's Doc. No. 15), and Plaintiffs' Response to Defendant's Motion to Dismiss filed July 18, 2006 (Clerk's Doc. No. 26).

In their motion, Defendants assert that this Court lacks subject matter jurisdiction over the case pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs have failed to state a claim under 42 U.S.C. §§ 1983 or 1985. In response, Plaintiffs filed a Third Amended Complaint alleging a violation of 42 U.S.C. § 1983, thereby conferring subject matter jurisdiction on this Court.[1] At the hearing on July 25, 2006, Defendants agreed the Third Amended Complaint made this portion of their motion to dismiss moot.

Defendants also argue that Plaintiffs' claims under the Texas Constitution should be dismissed because Plaintiffs only ask for monetary damages and the Texas Constitution does not provide for a private cause of action for damages. It is well settled law that Texas has no provision comparable to § 1983 and there is no private cause of action for damages implied under the Texas

---

[1] Although Plaintiffs did not file a Motion for Leave to file this Complaint, Defendants stated at the hearing on July 25, 2006, that they did not have any objection to Plaintiffs being granted leave to file their Third Amended Complaint. Thus, the Court will consider the Third Amended Complaint as the live pleading.

Constitution. *Daniels v. Arlington*, 246 F.3d 500, 507 (5th Cir. 2001), *citing Beaumont v. Bouillion*, 896 S.W.2d 143, 147-49 (Tex. 1995). Plaintiffs made a vague assertion of a claim under state common law, but stated at the hearing that this assertion was not based on any authority. Plaintiffs clearly do not have a claim pursuant to the Texas Constitution or state common law.

Thus, Defendants' Rule 12(b)(1) & (6) Motion to Dismiss filed June 22, 2006 (Clerk's Doc. No. 15) is DENIED IN PART as moot as to the claim pursuant to § 1983 and GRANTED IN PART as to Plaintiff's claims under the Texas Constitution and state common law. Plaintiffs' claims pursuant to the Texas Constitution and state common law are hereby DISMISSED.

It is so ORDERED.

SIGNED this 26th day of July, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE