**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERT CALHOUN, et al.** | § | |
| | § | |
| **V.** | § | **A-06-CA-185 AWA** |
| | § | |
| **CITY OF AUSTIN, et al.** | § | |

## ORDER

Before the Court is Defendants' Motion to Disqualify Counsel (Clerk's Doc. No. 51) filed December 13, 2006 and Plaintiffs' Response (Clerk's Doc. No. 55) filed December 17, 2006. The Court held a hearing on February 1, 2007. Having considered the motion, response, and arguments of the parties, the Court enters the following Order.

### I. Background

On April 18, 2005, at around 1:30 p.m., while appearing for a civil court hearing at the Travis County Courthouse, Plaintiffs Robert Calhoun, Gitl Black and Jerome Black were arrested for felony theft of property. *See* Plaintiffs' Third Amended Original Complaint at ¶ 6. The subject of that hearing, and the underlying suit in which Jerome Black was the plaintiff, was property whose ownership was in dispute between Jerome Black and a former employee, Tim Kincella. Plaintiffs allege that notwithstanding her knowledge that court proceedings were scheduled to address the property's ownership, and that in fact Jerome Black had been granted an injunction giving him temporary possession over the property, Det. Joyce Casey prepared a probable cause affidavit which failed to advise the judge of the civil suit, and intentionally or negligently misled the judge into signing an arrest warrant. *Id.* Plaintiffs allege that Casey obtained the warrant without probable cause in violation of the Constitution and then used the warrant to have Plaintiffs improperly

arrested. *Id.* at ¶ 7.  In an Order dated January 11, 2007, this Court dismissed all claims in the case with the exception of Plaintiffs' Fourth Amendment claims against Casey and the City of Austin.

The City of Austin now moves to disqualify Plaintiffs' lawyer, Michael Parr, alleging that he was a witness to the events that underlie the suit.  Specifically, Defendants assert Parr was present during every one of Plaintiffs' four encounters with the Austin Police department regarding the disputed property. Defendants contend that statements by Parr during these encounters are inconsistent with statements of his clients given in depositions, and as a result Parr is a necessary witness.  Defendants claim that, as a necessary witness to the case, Parr is disqualified from acting as counsel.  In response, Plaintiffs argue that the facts regarding the property dispute between Kincella and Black are irrelevant to whether Detective Casey presented a false affidavit.  Plaintiffs further argue that whether Parr will be called to testify is relevant only at trial and should have no bearing on the motions currently pending before the Court. Plaintiffs request that the Court not rule on the motion to disqualify until it rules on the dispositive motions.

## II. Standard for Motion to Disqualify

The Fifth Circuit reviews denial of a motion to disqualify for abuse of discretion.  *See Fed. Deposit Ins. Co. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995). In applying this standard, the Fifth Circuit will review findings of fact for clear error, but will perform a de novo review of the trial court's application of the relevant rules of attorney conduct.  *Id.*  Local, state, and national codes of ethics prohibit attorneys from representing a party if the attorney will be called as a witness to testify about certain facts of the case. *See* SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 3.08 (1994) (located in Volume 3A of the Texas Government Code in title 2, subtitle G, app. A, following § 84.004 of the

2

Government Code); American Bar Association Model Rules of Professional Conduct, Rule 3.7(a)

(1992).

The starting point is this Court's Local Rules, which provide that:

> Every member of the bar of this Court . . . shall familiarize oneself with and comply with the standards of professional conduct required by members of the State Bar of Texas and contained in the Texas Disciplinary Rules of Professional Conduct. . . . This specification shall not be interpreted to be exhaustive of the standards of professional conduct.  In that connection, the Code of Professional Responsibility of the American Bar Association shall be noted. . . . .

Local Rule AT-4 of the Rules of the U.S. District Court for the Western District of Texas.  Thus, the

Court will look to both the Texas Disciplinary Rules and the ABA Model Rules as guidelines in

determining this Motion.

Under the Texas code, the lawyer-as-witness rule is not implicated unless either: (1) the

lawyer's testimony may be necessary to establishing an essential fact in *his client's* case; or (2) the

lawyer believes that he will *be compelled to furnish testimony* substantially adverse to his client and

the client has not consented.   Rule 3.08, Texas Rules of Disciplinary Conduct.[1]  Importantly, the

---

[1]Sections (a) and (b) of the Texas "lawyer-as-witness rule"state:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

> (1) the testimony relates to an uncontested issue;

> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

> (3) the testimony relates to the nature and value of legal services rendered in the case;

comments to the Texas rule note that "Rule 3.08 sets out a disciplinary standard and is not well suited to use as a standard for procedural disqualification."  Comment 9 to Rule 3.08.  The ABA Model Rule has only one "trigger," which applies regardless of whether the attorney will be called by his client or by the opposition, and that trigger is that the lawyer is "likely to be a necessary witness."[2]

Abridging these various requirements, for either the Texas or ABA rule to apply to this case, the Court must determine whether Mr. Parr's testimony is necessary for either side's case.  The Court will address this issue in the next section.

---

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

Rule 3.08, Texas Rules of Disciplinary Conduct.

[2]The relevant portion of the ABA Model Rule states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

American Bar Association Model Rules of Professional Conduct, Rule 3.7(a) (1992).

4

### III.  Have Defendants Established the
### Requirements of Either the Texas or ABA Rules?

To evaluate the need for Mr. Parr's testimony, the Court must first identify the issues presented by this case.  As noted at the hearing, there remain only two overriding issues.  The first is whether Det. Casey violated the Plaintiffs' Fourth Amendment rights when she caused arrest warrants to be issued and the Plaintiffs to be arrested.  The second is whether the City can be held responsible for Casey's actions.  All of the parties agreed at the hearing that Parr's testimony is relevant, if at all, only to the first issue.  On that point, the central question is whether, by submitting a false probable cause affidavit, Casey misled the city magistrate who issued the arrest warrants.  In response to direct questioning by the Court at the hearing, Plaintiffs' counsel identified a total of three ways in which Casey's affidavit allegedly misled the magistrate.[3]  The first two are alleged material omissions, and the last is alleged to be an affirmative misrepresentation.  The two omissions are: (1) Casey's failure to mention in the affidavit that a meeting had occurred on April 5, 2005, where some of the property was returned to Kincella, and (2) her failure to make any mention of the pending civil suit, and particularly the hearing in that case scheduled for the very same day that the affidavit was presented to the magistrate.  The last particular in which the affidavit is challenged is the statement in the last paragraph which alleges that Kincella had been deprived of $60,000 of property, when in fact a substantial portion of that property had allegedly been returned to Kincella, in Casey's presence, on April 5, 2005.  With the claim thus fleshed out, the Court must determine whether Parr's testimony is necessary for either side to make out its case.

---

[3]The affidavit can be found as Exh. 3 to Defendant Joyce Casey's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (Clerk's Doc. No. 43).

For their part, the Plaintiffs do not contend that Mr. Parr's testimony is necessary for any aspect of their case. They state that they will not need any testimony from Mr. Parr to demonstrate that the affidavit was false or misleading in the three respects they allege. As for the Defendants, they too do not argue that Mr. Parr is a necessary part of the Plaintiffs' case. Rather, Defendants argue that Mr. Parr is necessary to defenses that they intend to establish. At the hearing (in response to questioning by the Court), the Defendants asserted that they needed to call Parr as a witness because there are various statements attributed to Parr in APD police reports which allegedly conflict with one or more of the Plaintiffs' statements in depositions in this case. When asked for more specificity, Defendants identified two such statements. The first is related by Casey in her probable cause affidavit, where she states that Parr told APD officers that Kincella had stolen $1,000 from Black, which justified Black not returning the disputed property. The second Parr "statement" is a letter Parr sent to the Austin Police Monitor on April 5, 2005, complaining about Casey's conduct. *See* Exhibit 5 to Plaintiffs' Supplemental Response (Clerk's Doc. No. 46). That letter relates the events of April 5, 2005, when the parties met and Plaintiffs turned over some of the property to Kincella.

Neither of these two instances demonstrates that Parr's testimony is "necessary" to the Defendants' case. A lawyer is not "likely to be a necessary witness" when evidence pertaining to the matters on which he could testify is available from another source. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001). In *Horaist*, the Fifth Circuit held that because a lawyer's potential testimony was cumulative of the testimony of other witnesses, the lawyer was not a necessary witness and the trial court was correct not to disqualify him. Defense counsel stated numerous times at the hearing that she needed to call Mr. Parr so she could "impeach" one or more

6

of the Plaintiffs with Parr's testimony.  Even assuming for the sake of argument that Mr. Parr would

testify inconsistently with the Plaintiffs on some particular, that does not make his testimony material

or necessary to the Defendants' case.  It is "well established that a party may not present extrinsic

evidence to impeach a witness by contradiction on a collateral matter." *United States v. Beauchamp*,

986 F.2d 1, 3 (1st Cir. 1993). Defendants have failed to establish how Parr's testimony would

impeach his clients on any issue central to the case. Indeed, as discussed below, Parr's testimony

would not be central to any issue in the case.  Therefore, not only would Parr's testimony not be

necessary, it is likely also inadmissible.

Moreover, there were numerous witnesses to the two "events" about which Parr has

knowledge, and thus there are ample alternatives to Mr. Parr that Defendants could call to contradict

the Plaintiffs' testimony, and Mr. Parr's testimony would plainly be cumulative of this other

testimony.  Most importantly, neither of Mr. Parr's two statements appear to be relevant to the

remaining issues in this case.  Whether Mr. Parr told an APD officer that the reason Mr. Black

(Parr's client) would not return property to Mr. Kincella was because Kincella had stolen $1,000

from Black has nothing to do with whether the probable cause affidavit was misleading in not

informing the magistrate of the civil case hearing and of Black's partial return of property.  For all

of these reasons, the Court finds that Parr is not a necessary witness to either the Plaintiffs' or the

Defendants' case.  Accordingly, Defendants' Motion to Disqualify Counsel (Clerk's Doc. No.  51)

is **DENIED.**[4]

---

[4]Plaintiffs also assert that disqualification of their counsel at this late date would act as a
substantial hardship upon them.  Counsel represented at the hearing that he had attempted to contact
additional counsel and was unable to find counsel willing to take on the case at this stage. Both the
Texas Rule and the ABA Model Rule provide for an exception to permit counsel to continue to
serve, despite the need for his testimony, if disqualification would work a substantial hardship on

SIGNED this 6th day of February, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

the client. *See* Texas Rule 3.08(a)(5); ABA Model Rule 3.7(a)(3). Although the Court has found that Parr's testimony is not necessary, even if it were, his disqualification would be inappropriate for this additional reason.